**Melanie L. HENSON–MIKSIC,**
**Appellant**

v.

**\* John E. POTTER, Postmaster**
**General, United States**
**Postal Service.**

\* (Pursuant to Rule 43(c), F.R.A.P.)

No. 07–1451.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Oct. 5, 2007.

Filed Oct. 10, 2007.

**510**

Melanie L. Henson–Miksic, Pittsburgh, PA, pro se.

David C. Belt, United States Postal Service, Office of Labor Law, Washington, DC, for Appellee.

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In 1996, Melanie Henson–Miksic (née Henson), an employee of the United States Postal Service ("the Service"), injured her shoulder in an on the job accident resulting in a permanent partial disability. In 1997 she filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., alleging that the Service discriminated against her on the basis of her disability and gender, and retaliated against her for pursuing her rights. In 1998, Henson–Miksic, represented by counsel, entered into a settlement with the Service whereby Henson–Miksic agreed to withdraw her claims and, according to the stipulation of agreement "Defendant agrees to pay Plaintiff Melanie L Henson a lump sum amount of $7,500.00

(seven thousand five hundred dollars) ... and to transfer Melanie L. Henson to the Mail Handler, Rehabilitated position." (Supp.App. at A15.)

In 1999, Henson–Miksic suffered another work-related injury which aggravated her shoulder. She also suffered respiratory problems due to the air quality in the room where she was working. On November 1, 1999, Henson–Miksic was told that she was "unfit for duty" and was not permitted to return to work.[1] As a result, she filed an Equal Employment Opportunity ("EEO") Complaint. In the EEO complaint, Henson–Miksic alleged that the Service had discriminated against her on the basis of her permanent partial disability, failed to make reasonable accommodations, and retaliated against her for her past EEO activity. The Service accepted some of her claims for investigation. In October 2001, Henson–Miksic, again represented by counsel, entered into another settlement with the Service. The stipulation included this release:

In exchange for promises made by the Postal Service in this agreement, Melanie L. Henson, for herself, her heirs, legal representatives, and assigns, hereby releases and forever discharges the Postal Service and its employees, officers, agents, agencies and assigns from any and all claims, demands, obligations, actions, causes of action, damages, attorney's fees, costs, expenses, and compensation of any kind whatsoever, both legal and equitable and including but not limited to any and all claims for compensatory damages, back pay, front pay, and the interest thereon, which Melanie L. Henson now as [sic] or may hereafter acquire against the Postal Service on account of the allegations contained in

---

1. Henson–Miksic subsequently retired with a disability pension from the Postal Service. She continues to receive her disability pension.

the above-captioned administrative complaint.

(Supp.App. at A34.)

In September 2006, Henson–Miksic, proceeding pro se, initiated this case by filing a document titled "petition" which claimed that the Service had violated the 1998 settlement.[2] She sought to enforce the 1998 settlement and claimed that she was entitled to back pay and reinstatement to the Mail Handler Rehabilitated position. The Service then filed a motion to dismiss or, in the alternative, for summary judgment arguing that Henson–Miksic's claims were barred by the 2001 settlement. The District Court granted summary judgment and this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting a motion for summary judgment. *See Kelly v. Drexel University*, 94 F.3d 102, 104 (3d Cir.1996). Summary judgment is appropriate when the record shows that there is no need for a trial because "there is no genuine issue of material fact and [ ] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

An employee's settlement and release of claims, if knowing and voluntary, waives those claims and bars a subsequent suit. *See Coventry v. United States Steel Corp.*, 856 F.2d 514, 522 (3d Cir.1988); *see also Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Henson–Miksic has not argued that the 2001 settlement was not knowing and voluntary—she was represented by counsel at the time and has presented no

evidence of undue influence. Accordingly, the 2001 settlement bars all claims encompassed in its release.

Although now recast as violations of the 1998 settlement, Henson–Miksic's claims are identical to the ones released in the 2001 settlement. Henson's "petition" only alleges that she was improperly dismissed on November 1, 1999 and does not refer to any events after that date. In her reply to the Service's motion for summary judgment, she added that she seeks to recover for the Service's failure to accommodate her disability. She claimed that "[a]t the time I settled the EEO claim with defendant dated October 3, 2001, the issue of accommodation was not part of that settlement and release but was limited to my claims for back pay from November 1, 1999 to April 4, 2001." (Supp.App. at A40.)

However, the plain language of the release and the attached administrative complaint indicate that all of the issues that she has raised in this current action were encompassed in the release. The release states in relevant part that Henson–Miksic "hereby releases and forever discharges the Postal Service ... from any and all claims ... which Melanie L. Henson now as [sic] or may hereafter acquire against the Postal Service on account of the allegations contained in the above-captioned administrative complaint." (*Id.* at 34.) The allegations in the administrative complaint include her claim that the Service discriminated against her when it found her "unfit for duty," that it failed to accommodate her when it refused to transfer her to another area, and retaliated against her for her past EEO complaints.[3] (*See id.* at

---

2. The District Court treated this document as a motion to reopen the 1997 case.

3. The Service's Investigative Report describes the complaint:

Complainant alleged discrimination based on retaliation for prior EEO activity and physical disability (rehab employee/left shoulder) [sic] when: (2) on October 6, 1999, the Postal doctor failed to reasonably

24–29.) These are the same claims that Henson–Miksic raised in her "petition," and they were all covered by the 2001 settlement. Additionally, the release is expressly not limited to back pay. The release discharges the Service for liability for "all claims ... and compensation of any kind whatsoever, both legal and equitable and including but *not limited* to any and all claims for compensatory damages, back pay, front pay, and the interest thereon" (*Id.* at 34)(emphasis added).

Because Henson–Miksic already settled these claims in 2001, she cannot reassert them now and hope to receive additional compensation. Accordingly, we will affirm the District Court's grant of summary judgment to the Service. Appellant's motion to show cause and submit evidence is denied.

accommodate complainant's medical condition with a change of environment; (3) on November 1, 1999 complainant was denied the result of the air quality test performed on room 2047 and (4) on November 1, 1999, although the Postal doctor initially determined complainant "fit for duty," later the same day, complainant was found "unfit for duty": and was removed from the building.

*Id.* at 29.